IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLEY OSBORNE,<br>Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:11cv169 |
| RAMBLING OAKS ASSISTED LIVING<br>CENTER, L.L.C.,<br>Defendant. | § § § § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Ashley Osborne, and files her Second Amended Complaint against Rambling Oaks Assisted Living Center, L.L.C., and ROC Opportunity, L.L.C., and would respectfully show the court as follows:

### A. Parties

1. Plaintiff is an individual residing in Plano, Collin County, Texas.

2. Defendant Rambling Oaks Assisted Living Center, L.L.C., is a limited liability company with its principal place of business at 10588 Legacy Drive, Frisco, Collin County, Texas. Rambling Oaks has been served by and through its registered agent for service of process: Dirk O'Hara, 1126 Rambling Oaks, Dr., Norman, OK 73072.

3. Defendant ROC Opportunity, L.L.C, is a limited liability compnay with its principal place of business at 1126 Rambling Oaks, Dr., Norman, OK 73072. ROC Opportunity, L.L.C., may be served through its registered agent: Rick Thornton, 7816 Aledo Oaks Ct., Fort Worth, TX 76126.

### B. Jurisdiction

4. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. Facts

5. Ashley Osborne was employed by ROC Opportunity, L.L.C., and/or Rambling Oaks Assisted Living Center in Frisco, Texas, from May 2009 until February 2010.

6. At the time Ms. Osborne was hired, ROC Opportunity, L.L.C., and/or Rambling Oaks told her they provided health insurance through Rural Healthplans Initiative, a PHCS Co. (hereinafter "RHPI").

7. Ms. Osborne was not told by ROC Opportunity, L.L.C., and/or Rambling Oaks that the alleged insurance was really a self-funded trust.

8. Ms. Osborne was told by ROC Opportunity, L.L.C., and/or Rambling Oaks that they provided health insurance coverage that was a PPO plan accepted by all of the doctors Rambling Oaks knew.

9. Ms. Osborne enrolled herself, her husband and her children in the purported insurance program.

10. Ms. Osborne paid premiums of $500.00/month to Rural Healthplans Initiative through ROC Opportunity, L.L.C., and/or Rambling Oaks to provide health insurance coverage for her husband and children.

11. After leaving her employment, Ms. Osborne learned that thousands of dollars of medical care was still owed to her family's health care providers.

### D. Fraudulent Inducement

12. Defendants made material misrepresentations to Plaintiff. Defendants told Plaintiff she was enrolled in a health insurance program through Rural Healthplans Initiative.

13. Had Plaintiff known that the purported health insurance plan offered by Defendants was nothing more than an unregulated, self-funded trust, she would have obtained her own health insurance from another source available to her.

14. Defendants knew the representations that Plaintiff and her family were receiving health insurance coverage through ROC Opportunity, L.L.C., and/or Rambling Oaks was false or Defendants made the representation recklessly, as a positive assertion, without knowledge of its truth.

15. Defendants made the representation that Plaintiff and her family were receiving health insurance coverage through ROC Opportunity, L.L.C., and/or Rambling Oaks with the intent that Plaintiff act upon the false representation.

16. Plaintiff relied upon Defendants' false representation that she and her family were covered by a PPO health insurance plan offered by ROC Opportunity, L.L.C., and/or Rambling Oaks when she and her family sought medical treatment and obtained prescription medications.

17. Plaintiff is now being held financially responsible for paying these outstanding medical bills by various health care providers.

18. She is also unable to obtain health insurance because she went without health insurance for more than six months.

19. Plaintiff is now considered to be uninsurable and cannot obtain health insurance which provides coverage for her chronic, debilitating and incurable heath condition.

### E. Negligence

20. Defendants owed a duty to Plaintiff to provide accurate and complete information pertaining to the purported health insurance offered by ROC Opportunity, L.L.C., and/or Rambling Oaks to its employees.

21. Defendants breached this duty when they failed to provide accurate and complete information to Ms. Osborne regarding the purported health insurance offered by ROC Opportunity, L.L.C., and/or Rambling Oaks to their employees.

22. Defendants were not an experienced health insurance entities capable of setting actuary numbers, rates and/or selling insurance to their employees.

23. Defendants' actions show a lack of diligence to secure a benefits plan for their employees that was registered or regulated by the Department of Insurance.

24. Defendants failed to inform Ms. Osborne that they did not obtain true health insurance from a well-established, financially secure and reputable health insurance company.

25. Ms. Osborne was injured by Defendants' breach when she enrolled in the purported insurance program, believing it was a true health insurance program, rather than obtaining true health insurance from another available source.

### F. Damages

26. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a. Medical expenses in the past and future.

    b. Mental anguish in the past and future.

    c. Prejudgment and post judgment interest.

    d. Court costs.

    e. Attorney fees.

### G. Jury Demand

27. Plaintiff Ashley Osborne asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## H. Prayer

28. For these reasons, Plaintiff asks that she be awarded a judgment against Defendants for the following:

   a. Medical expenses in the past and future.

   b. Mental anguish in the past and future.

   c. Prejudgment and post judgment interest.

   d. Court costs.

   e. Attorney fees.

   f. Exemplary damages.

   g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

GODWIN RONQUILLO PC

By: _____
G. MICHAEL STEWART
State Bar No. 00788471
JENNIFER M. OWENS
State Bar No. 50511938

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4465
214.527.3195 - Facsimile

**ATTORNEYS FOR PLAINTIFF ASHLEY OSBORNE**

## CERTIFICATE OF SERVICE

     I certify that a copy of the foregoing document was served and/or electronically filed on May 4, 2011, on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for:

Barry Moscowitz
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street
Twenty-Fifth Floor
Dallas, Texas 75201
214-871-8275
Fax: 214-871-8209
bmoscowitz@thompsoncoe.com

                                                           *[signature]*
                                                   **GODWIN RONQUILLO PC**